UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS MCARTHUR,<br><br>    Plaintiff,<br><br>    v.<br><br>ALAMEDA COUNTY PUBLIC DEFENDER'S OFFICE, et al.,<br><br>    Defendants. | Case No. 21-cv-09412-KAW<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO EXTEND TIME TO FILE DOCUMENT; STRIKING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS UNTIMELY**<br><br>Re: Dkt. Nos. 82, 85, 87 |

The last day to hear dispositive motions in this case is September 7, 2023; thus, dispositive motions were due no later than August 3, 2023. Plaintiff Francis McArthur, however, did not file his motion for partial summary judgment until August 4, 2023 at 12:03 a.m., with exhibits filed at 3:41 a.m. (Dkt. Nos. 82, 83.) At 12:49 p.m., Plaintiff filed a "corrected" version of his motion for partial summary judgment and exhibits. (Dkt. Nos. 85, 86.) At 1:03 p.m., Plaintiff filed a motion to extend the time to file Plaintiff's motion for partial summary judgment and accompanying exhibits, citing Federal Rule of Civil Procedure 6(b). (Pl.'s Mot. to Extend Time, Dkt. No. 87.)[1]

Rule 6(b) provides that a deadline may be extended "on motion made after the time has expired if the party failed to act because of excusable neglect." In determining whether neglect is excusable, courts consider four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (internal citation omitted).

First, it is not apparent that there is any danger of prejudice to Defendant.

---

[1] The Court notes that Defendant has filed an opposition (Dkt. No. 88), but finds it moot as the Court is denying Plaintiff's motion for leave.

Second, the Court finds that while the length of the delay is not long, it does negatively affect the proceedings before the Court. Particularly given the length of Plaintiff's filings – which include over 3,000 pages of exhibits -- and the Court's limited judicial resources, the failure to timely file takes up the Court's time. Indeed, the Court is already being required to spend time on the instant motion due to Plaintiff's untimeliness, which takes away from its ability to work on its many other cases. The Court also notes that while Plaintiff offers to extend Defendant's time to oppose Plaintiff's motion, such an extension will only result in the Court having less time to adjudicate the matter, further impacting the Court. (*See* Pl.'s Mot. to Extend Time at 2 n.1.) Finally, as further discussed below, Plaintiff's filing included numerous overlong and unnecessary exhibits, as well as the failure to provide pincites. In other words, Plaintiff's summary judgment motion is not usable in its current state, and thus the Court would have required Plaintiff to redo the motion, leading to additional delays.

Third, the Court finds that Plaintiff has failed to provide a good reason for the delay. Plaintiff's counsel points "to the volume of exhibits cited and attached (2,972 pages), and the technical difficulty Plaintiff's counsel had working with them to prepare them for filing[.]" (Pl.'s Mot. to Extend Time at 3.) Many of these exhibits, however, do not appear to be cited in Plaintiff's motion for summary judgment. For example, Plaintiff's Exhibits 17-37 number **2,592** pages, yet it appears that Plaintiff does not cite Exhibits 17, 19, 20, 22, 23. 24, 26, 28, 29, 32, 34, 35, 36, while only citing page "105" of Exhibit 18 (a 50-page order), 6 pages of Exhibit 25 (a 209-page transcript), 2 pages of Exhibit 27 (a 26-page motion for summary judgment), and 1 page from Exhibit 33 (a 38-page exhibit). In short, Plaintiff's counsel asserts that their inability to timely file was due to the inclusion of exhibits that Plaintiff does not cite in the motion. This does not justify the delay.

In the alternative, Plaintiff's counsel appears to assert that the reason for the delay was Plaintiff's counsel consisting only of two attorneys. (Pl.'s Mot. to Extend Time at 3.) This too is not a good reason. Plaintiff's counsel has known of this deadline since March 21, 2023. (*See* Dkt. No. 61.) Plaintiff's counsel acknowledged the deadline at the August 1, 2023 case management conference, and asserted that they were prepared to file their summary judgment motion. In any

case, it is ultimately the responsibility of Plaintiff's counsel to ensure that the case is sufficiently staffed, or that they can handle the cases that they take on. To the extent Plaintiff's counsel did not, this does not warrant burdening the Court.

Finally, it is not clear to the Court whether Plaintiff's counsel acted in good faith. While there does not appear to be an attempt to obtain an advantage, the Court notes that just this week, the Court admonished Plaintiff's counsel for a late filed discovery matter before denying it as untimely. Thus, Plaintiff knew of the consequences of a late filing, yet filed the summary judgment motion late regardless.

For these reasons, the Court finds no good cause, and DENIES Plaintiff's motion for an extension of time. The Court STRIKES Plaintiff's motion for partial summary judgment and corrected motion for summary judgment as untimely.

With respect to future filings by all parties, the Court expects them to be timely. Further, it is not acceptable to file thousands of pages without citing to them. Nor is it acceptable to file entire exhibits without pincites. For example, Plaintiff cites to the entirety of Exhibit 21 (a 24-page exhibit), Exhibit 30 (a 96-page exhibit), Exhibit 31 (a 95-page exhibit), and Exhibit 37 (a 53-page transcript). By providing thousands of pages of exhibits to the Court without citation, a party simply takes their responsibility to identify the relevant evidence in support of their position and shifts it onto the Court. *See Foskaris v. Experian Info. Sols., Inc.*, 808 F. App'x 436, 440 (9th Cir. 2020) ("It is not the court's duty, however, to peruse the record to formulate the parties' arguments"); *see also Chu v. Oracle Corp. (In re Oracle Corp. Sec. Litig.)*, 627 F.3d 376, 386 (9th Cir. 2010) ("It behooves litigants, particularly in a case with a record of this magnitude, to resist the temptation to treat judges as if they were pigs sniffling for truffles."). Thus, all future filings must be limited to the specific evidence that will support a party's position and must include pincites to the relevant pages. The Court will not review any exhibit page that is not specifically

///
///
///
///

1  cited in the brief, nor will the Court consider citations to entire exhibits.

2  IT IS SO ORDERED.

3  Dated: August 4, 2023

_____
KANDIS A. WESTMORE
United States Magistrate Judge