UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS MCARTHUR,<br><br>Plaintiff,<br><br>v.<br><br>ALAMEDA COUNTY PUBLIC DEFENDER'S OFFICE, et al.,<br><br>Defendants. | Case No.  21-cv-09412-KAW<br><br>**PRETRIAL CONFERENCE TENTATIVE RULINGS** |

## I.    MOTIONS IN LIMINE

Relevant evidence is any evidence that has any tendency to make a fact that is of consequence to the determination of the action more or less probable than it would be without the evidence.  Fed. R. Evid. 401.  The Court has discretion to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

| MIL | Motion | Ruling | Reason/Explanation |
|---|---|---|---|
| **P₁** | **Exclude expert testimony of Michael J. Aye.** | **DENY** | Mr. Aye is not opining as to the ultimate legal conclusion, *i.e.*, whether Plaintiff suffered a due process violation. Having reviewed the opinions Plaintiff asserts are unreliable, the Court finds that Mr. Aye adequately explains why they are supported and/or Plaintiff's challenges go to weight rather than admissibility. |

United States District Court
Northern District of California

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| P2 | **Exclude "generalizations" about SVP clients.** | **GRANT IN PART** | To the extent Plaintiff identifies three specific categories of evidence (*i.e.*, other Coalinga patients bringing unfounded *Vasquez* claims, other SVP clients not wanting to come to court, and many SVPs making a conscious decision to delay their trial), Defendants do not oppose.  The Court denies the motion in limine as to any unspecified categories of evidence, as the Court has no information to determine whether such evidence should or should not be excluded.  *See Shenwick v. Twitter, Inc.*, No. 16-cv-05314-JST, 2021 U.S. Dist. LEXIS 66297, at *34-35 (N.D. Cal. Mar. 31, 2021) ("Plaintiffs are correct that, with some exceptions, Defendants fail to identify precisely which exhibits should be excluded.  Therefore, the Court denies the motion as to any exhibits other than those identified in it."). |
| P3 | **Exclude evidence of Plaintiff's other crimes and bad acts.** | **DENY** | Such evidence goes to the reasonableness of the strategy of Plaintiff's public defenders to delay trial, particularly as such evidence would have been used against Plaintiff at a SVP trial prior to 2016.  *See People v. Dean*, 174 Cal. App. 4th 186, 193 (2009) (allowing experts to rely upon inadmissible hearsay).  Even after *People v. Sanchez*, courts have permitted experts to testify as to prior bad acts that could be proven through documentary evidence, such as probation and sentencing reports or party admissions.  *See People v. Burroughs*, 6 Cal. App. 5th 378, 403 (2016); *People v. Orey*, 63 Cal. App. 5th 529, 554 (2021). |
| P4 | **Exclude testimony of state-wide or common practice of delaying SVP trials.** | **DENY** | Foundation can be established through testimony by Mr. Ayers or the public defenders' personal knowledge.  Such evidence is relevant to whether the delay strategy was reasonable.  This issue is separate from *Monell* liability. |

United States District Court
Northern District of California

| | | | |
|---|---|---|---|
| P5 | **Exclude evidence of continuances after Plaintiff's counsel was appointed as conflict counsel.** | **DENY** | Such evidence is relevant to the reasonableness of the strategy of Plaintiff's public defenders to delay trial.  Plaintiff provides no legal authority or analysis in support of this motion in limine. |
| P6 | **Exclude evidence produced by Coalinga not in Defendant's file.** | **DENY** | Plaintiff provides no legal authority or analysis, and fails to identify the evidence at issue. |
| P7 | **Exclude evidence that would "elicit sympathy" for Plaintiff's public defenders.** | **DENY** | Plaintiff provides no legal authority or analysis, and fails to identify the evidence at issue. |
| P8 | **Exclude public defender testimony of facts they do not remember.** | **DENY** | Plaintiff fails to identify the evidence at issue, and it is not clear that this is an issue.  Thus, motion appears premature. |
| P9 | **Exclude evidence that Plaintiff was not found incompetent to stand trial in criminal cases.** | **DENY** | Plaintiff provides no legal authority or analysis. |
| D1 | **Exclude evidence of customs, pattern, and practices.** | **DENY** | Defendants fail to identify the evidence at issue.  Issue is moot because parties have already agreed not to present evidence related to supervisory liability. |
| D2 | **Exclude reference to other civil suits.** | **DENY** | Defendants fail to identify the evidence at issue.  Issue is moot because parties have already agreed not to present information from other *Vasquez* cases. |
| D3 | **Exclude habeas corpus decisions in other cases.** | **DENY** | Defendants fail to identify the evidence or expert opinions at issue. |
| D4 | **Exclude evidence of subsequent remedial measures.** | **GRANT** | Plaintiff does not oppose. |
| D5 | **Exclude expert testimony of Rudy Kraft.** | **GRANT IN PART, DENY IN PART** | Mr. Kraft may testify as to whether the motions filed by Plaintiff's public defenders were unlikely to succeed, as Mr. Kraft bases his opinion on existing |

3

United States District Court
Northern District of California

| | | | case authority and practices by other attorneys.  Mr. Kraft may not testify as to whether Plaintiff's public defenders violated his due process rights because this is the ultimate issue of law that a jury must decide.  Mr. Kraft may not testify as to the professional standard of care and whether Plaintiff's public defenders met that standard of care because Mr. Kraft has not demonstrated he is qualified to opine on this issue, given his lack of experience with SVP trials and failure to explain why the standards he applies would be the applicable standard of care.  Mr. Kraft may not testify as to whether Plaintiff's public defenders ensured Coalinga properly accommodated Plaintiff's intellectual disabilities, whether there was a breakdown in the Alameda County Public Defender's Office based on the workload, and whether Plaintiff's public defenders did not understand their obligations to their client based on their failure to obtain a guardian ad litem.  These opinions are not adequately supported and therefore unreliable.  Finally, Mr. Kraft may not testify as to customs and practices because *Monell* liability has been bifurcated. |
| D₆ | **Exclude evidence related to ineffective assistance of counsel.** | **DENY** | Evidence that is related to ineffective assistance of counsel is not automatically irrelevant to the due process inquiry, including questions of the reason for the delay, Plaintiff's assertion of his right, and whether the strategy chosen by Plaintiff's public defenders was reasonable. |
| D₇ | **Exclude evidence of other SVP cases.** | **GRANT** | Plaintiff does not oppose. |

## II.     EVIDENTIARY ISSUES

### A.     Plaintiff's Objections

4

United States District Court
Northern District of California

| Witness/Evidence | Ruling | Reason/Explanation |
|---|---|---|
| **Exhibit 1 (Michael Aye CV and Expert Report)** | **SUSTAIN** | A CV is hearsay.  *See Mahnke v. Wash. Metro. Area Transit Auth.*, 821 F. Supp. 2d 125, 154 (D.D.C. 2011).  This does not prohibit an expert witness from "testif[ying] to each of the points on his c.v.," such that "exclusion serves little purpose," or from parties "routinely stipulat[ing] to the admissibility of curriculum vitae for reasons of common sense." *Alexie v. United States*, No. 3:05-cv-00297 JWS, 2009 U.S. Dist. LEXIS 4103, at *2 (D. Alaska Jan. 21, 2009); *Colon v. Hosp. Hermanos Melendez, Inc.*, No. 3:19-cv-01797-JAW, 2023 U.S. Dist. LEXIS 7012, at *6 (D.P.R. Jan. 13, 2023).   "Generally, expert reports are inadmissible hearsay." *Salgado v. Iqvia, Inc.*, 459 F. Supp. 3d 1318, 1327 (S.D. Cal. 2020). |
| **Exhibits 2-6 (2007 Mark Koetting SVP Evaluation, 2007 Mark Miculian SVP Evaluation, 2011 Mark Miculian SVP Evaluation, 2011 Michael Selby SVP Evaluation, 2012 Carol Murphy SVP Evaluation)** | **OVERRULE** | The exhibits are not being offered by a retained expert or being used for the truth of the matter therein, but as evidence of the information before Plaintiff's public defenders when strategizing about Plaintiff's case.  Thus, such evidence goes to whether the strategy employed by Plaintiff's public defenders was reasonable.  Such evidence also goes to the fourth *Barker* factor of prejudice, as the evaluations may affect whether Plaintiff was prejudiced by the failure to go to trial.  *See Camacho v. Superior Court*, 15 Cal. 5th 354, 392 (2023) (explaining that prejudice is less likely to result purely as a function of time, as a SVP trial jury must consider the most recent evidence and expert evaluations to determine if an individual qualifies as an SVP at the time of trial). |
| **Exhibits 7-8 (2020 Charles Flinton SVP Evaluation, 2020 Mark Miculian SVP Evaluation Report)** | **OVERRULE** | The exhibits are not being offered by a retained expert or being used for the truth of the matter therein.  While the evaluations were made after the Alameda County Public Defender's Office declared a conflict, they still go to the fourth *Barker* factor of prejudice, as the evaluations may affect whether Plaintiff was prejudiced by the previous failure to go to trial. |
| **Exhibit 9 (Bryan Brown** | **DEFER** | The Court has insufficient information to determine that the exhibit is admissible based |

| | | |
|---|---|---|
| **Notes)** | | on hearsay exceptions.  The exhibit may be admitted if witness is able to demonstrate that it falls within an exception, *i.e.*, it was a present sense impression made while or immediately after perception (Rule 803(1)), it is a recorded recollection on a matter the witness no longer recalls well enough (Rule 803(5)), or is a record of an event where the record was kept in the course of a regularly conducted activity and the making of the record was a regular practice of that activity (Rule 803(6)).<br><br>Defendants will need to substantiate the hearsay exceptions at the pretrial conference. |
| **Exhibit 10 (Bryon Brown Correspondence)** | **OVERRULE IN PART, DEFER IN PART** | Foundation can be established by the witness, as it is correspondence he sent or received.<br><br>The May 10, 2002 letter authored by Plaintiff is admissible as opposing party's statement.<br><br>The Court has insufficient information to determine how the remaining correspondence is being offered for a non-hearsay purpose.  The Court has insufficient information to determine that the exhibit is admissible based on hearsay exceptions.  The exhibit may be admitted if Defendants establish a non-hearsay purpose or the witness demonstrates that it falls within an exception.<br><br>Defendants will need to substantiate the hearsay exceptions at the pretrial conference. |
| **Exhibit 12 (David Feld Notes)** | **DEFER** | The court has insufficient information to determine that the exhibit is admissible based on hearsay exceptions. The exhibit may be admitted if witness is able to demonstrate that it falls within an exception.<br><br>Defendants will need to substantiate the hearsay exceptions at the pretrial conference. |
| **Exhibit 13 (David Feld Correspondence)** | **DEFER** | Foundation can be established by the witness, as it is correspondence he sent.<br><br>The Court has insufficient information to determine how the correspondence is being offered for a non-hearsay purpose or is admissible based on hearsay exceptions.  The exhibit may be admitted if Defendants establish a non-hearsay purpose or the witness |

| | | demonstrates that it falls within an exception. Defendants will need to substantiate the hearsay exceptions at the pretrial conference. |
|---|---|---|
| **Exhibit 15 (Margo George Notes)** | **DEFER** | The court has insufficient information to determine that the exhibit is admissible based on hearsay exceptions. The exhibit may be admitted if witness is able to demonstrate that it falls within an exception. Defendants will need to substantiate the hearsay exceptions at the pretrial conference. |
| **Exhibit 16 (Margo George Correspondence)** | **DEFER** | Foundation can be established by the witness, as it is correspondence she sent. The Court has insufficient information to determine how the correspondence is being offered for a non-hearsay purpose or is admissible based on hearsay exceptions.  The exhibit may be admitted if Defendants establish a non-hearsay purpose or the witness demonstrates that it falls within an exception. Defendants will need to substantiate the hearsay exceptions at the pretrial conference. |
| **Exhibit 18 (Sachiel Slavin Notes)** | **DEFER** | The court has insufficient information to determine that the exhibit is admissible based on hearsay exceptions. The exhibit may be admitted if witness is able to demonstrate that it falls within an exception. Defendants will need to substantiate the hearsay exceptions at the pretrial conference. |
| **Exhibit 19 (Sachiel Slavin Correspondence)** | **DEFER** | Foundation can be established by the witness, as it is correspondence he sent. The Court has insufficient information to determine how the correspondence is being offered for a non-hearsay purpose or is admissible based on hearsay exceptions.  The exhibit may be admitted if Defendants establish a non-hearsay purpose or the witness demonstrates that it falls within an exception. Defendants will need to substantiate the hearsay exceptions at the pretrial conference. |
| **Exhibit 21 (Coalinga Hospital Records:** | **OVERRULE (subject to** | Relevant to Plaintiff's arguments that he did not receive his mail and that Plaintiff's public |

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| | | |
|---|---|---|
| Client Trust Account) | establishing foundation) | defenders ignored him.  Falls under hearsay exception for records of a regularly conducted activity. |
| **Exhibits 22-24 (Coalinga Hospital Records: Police Reports, Coalinga Hospital Records: Special Incident Report Log; Coalinga Hospital Records: Treatment Plans)** | **OVERRULE** | To the extent Plaintiff relies on his MIL No. 3 and 6, both are denied.  Relevant to whether the strategy of Plaintiff's public defenders was reasonable and *Barker* factors, including the reason for the delay and whether the delay was prejudicial.  Evidence is not offered for the truth of the statements therein, but for the effect on Plaintiff's public defenders in determining strategy. |
| **Exhibit 25 (CPDA Seminar Covers)** | **OVERRULE (subject to establishing foundation)** | Documents produced in August 2022, prior to the close of fact discovery in July 2023.  Exhibits are not being offered for the truth of the matter therein, but as examples of training materials going to the qualifications of Plaintiff's public defenders.  Relevant to the issue of whether Plaintiff's public defenders were qualified. |
| **Exhibit 26 (Trial Continuance Records)** | **OVERRULE (subject to establishing foundation)** | Relevant to whether delay was a reasonable strategy.  Stipulation to preclude Plaintiff from presenting evidence within Attorney Robyn Fass Wang's knowledge is not relevant to whether *Defendants* may present evidence relating to her actions. |
| **Exhibits 28 (Criminal Records: 1997 Keturah Boyd Rape Charge), 29 (Criminal Records: 1996 Stephanie Palumbo Rape Charge), 30 (Parole Records)** | **OVERRULE** | *See* Pl.'s MIL No. 3.  The exhibits are presented not for the truth of the statements therein, but as evidence used by SVP evaluators in making their findings and Plaintiff's public defenders in coming up with strategy, which in turn goes to the reasonableness of such strategy. |
| **Exhibit 31 (Plaintiff's Civil Lawsuits)** | **SUSTAIN** | Not produced during discovery. |
| **Exhibit 32 (Complaint)** | **DEFER** | Plaintiff cites no authority that Plaintiff cannot sponsor the operative complaint in this case.<br><br>Plaintiff cites no authority that pleadings are inadmissible.  The Ninth Circuit has found that "[f]actual assertions in pleadings . . . unless amended, are considered judicial admissions conclusively binding on the party who made them."  *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 |

| | | |
|---|---|---|
| | | F.2d 224, 226 (9th Cir. 1988). |
| | | It is unclear what is the purpose of introducing the complaint, and may be confusing to the jury. Defendants will need to explain at the pretrial conference the purpose of the complaint and what portions will be introduced. |
| **Exhibit 33 (Wang Declaration)** | **OVERRULE** | Plaintiff cites no authority that Plaintiff cannot sponsor a declaration made in support of Plaintiff's *Vasquez* motion, particularly when the verification was made on Plaintiff's behalf. |
| **Exhibit 34 (Photographs of Training Materials)** | **OVERRULE** | Relevant to the qualifications of Plaintiff's public defenders.  While the relevance seems very limited, Plaintiff cites no prejudice. |
| **Exhibit 35 (DSH Response to PRA Request)** | **SUSTAIN** | The exhibit is a January 2017 letter sent from the Department of State Hospitals to a San Diego County Public Defender, listing the number of patients who were being detained under the Sexually Violent Predator Act and the number released.  There is no apparent relevance of this exhibit.  There is no suggestion Plaintiff's public defenders ever reviewed this document or relied upon it when they came up with their strategy.  It is unclear how information about whether there were other patients who had been released is relevant to Plaintiff's specific case. |
| **Michael Aye** | **OVERRULE** | *See* Pl.'s MIL No. 1. |
| **Bryon Brown, David Feld, Margo George, Sachiel Slavin, Diane Bellas, Brendon Woods** | **OVERRULE** | Plaintiff does not object except to request the exclusion of testimony about facts that witnesses do not remember.  It is unclear any such testimony exists, so the objection is overruled as premature. |
| **Mark Koetting** | **SUSTAIN** | Witness was not disclosed until Defendants' October 2023 pretrial statement. Even if other state evaluators were disclosed and Dr. Koetting's 2007 SVP evaluation was produced, this does not mean Plaintiff was given fair notice that Dr. Koetting would be called as a witness. |
| **Mark Miculian, Michael Shelby, Carol Murphy,** | **OVERRULE** | Defendants state these witnesses were disclosed in their March 8, 2022 initial disclosures.  The |

9

United States District Court
Northern District of California

| Witness/Evidence | Ruling | Reason/Explanation |
|---|---|---|
| Charles Flinton | | witnesses are state evaluators who were not retained as expert witnesses, but are acting as fact witnesses.  The witnesses' evaluations are relevant to determining whether the strategy of Plaintiff's public defenders was reasonable. |
| Calvin Kilcrease, Mina Beshara, Sara Arad, Christopher Lee, Raquel Keo, Dominic Brown, David Avila, Nageswararao Vallabhaneni, Richard Schenkman, Jeffrey Hasson, Carolyn Knox, Doug Viet, Leah Gordon, Joy Ogbonna, Gabriella Bernal, Isaac Bonsu | **SUSTAIN** | Witnesses were not disclosed.  The fact that Plaintiff was aware these individuals existed as part of Plaintiff's treatment team since does not mean Plaintiff was given fair notice that these individuals could be called as witnesses at trial. Defendants cite no authority that every individual mentioned in a document produced in discovery can be called as a witness without proper disclosure. |
| Robyn Fass Wang | **SUSTAIN** | Defendants do not intend to call Attorney Wang as a witness unless Attorney Wang presents evidence that is only within her personal knowledge.  As Plaintiff has agreed not to present such evidence, the objection is sustained as moot. |

B.   **Defendants' Objections**

| Witness/Evidence | Ruling | Reason/Explanation |
|---|---|---|
| Exhibits 37-45 | **SUSTAIN** | Exhibits 37-45 are motions filed in other SVP cases.  Such evidence is excluded per Defendants' MIL No. 7, which Plaintiff did not oppose.  Further, there is no dispute that Plaintiff never properly identified the exhibits. Rather, Plaintiff did not cite them until August 2023, as attachments to Mr. Kraft's expert report and in Plaintiff's opposition to Defendants' motion for summary judgment. (*See* Pl.'s Resp. to Evid. Obj. at 1, Dkt. No. 134.)  It is also unclear how such exhibits are relevant in the instant case, as the motions were filed with respect to other SVP detainees and by other attorneys. |

10

| | | |
|---|---|---|
| **Rudy Kraft** | **OVERRULE IN PART, SUSTAIN IN PART** | *See* Def.'s MIL No. 5. |

### III.   VOIR DIRE

The parties have submitted a joint jury questionnaire, which has no fewer than 66 questions.  The Court currently issues an electronic questionnaire, which includes standard juror questions ([https://www.cand.uscourts.gov/wp-content/uploads/2023/03/Updated-Standard-CAND-Trial_SurveyMonkey_10-2023.pdf](https://www.cand.uscourts.gov/wp-content/uploads/2023/03/Updated-Standard-CAND-Trial_SurveyMonkey_10-2023.pdf); also available under "Attorney Quick Links" on [https://cand.uscourts.gov/attorneys/](https://cand.uscourts.gov/attorneys/)) and up to ten additional case specific questions.  The jury questionnaire can be formatted so that the answers are either in the form of: (1) a "no" and "if yes, please explain" comment box, or (2) a comment box.  Examples of these options are shown below.

1. Do you or any close family members or friends have experience working in education?  💬 0

◯ No

◯ If yes, please explain.

2. Do you or any close family members or friends have experience working in education?  💬 0

Accordingly, the parties should review the standard juror questions and jointly propose ten case specific questions by **December 1, 2023**.  The parties should also identify their preference as to the form of answers.

With respect to the parties' jointly submitted questions, the Court does not intend to re-ask

questions that potential jurors would already have asked in the questionnaire. This does not preclude following up on particular answers. To ensure that voir dire does not take an excessive amount of time, the parties should meet and confer as to which questions they believe most important to ask, as the Court does not intend to ask all 66 questions proposed by the parties.

## IV.    VERDICT FORM

Defendants provide a proposed verdict form. (Dkt. No. 111.) Plaintiff provides no proposed verdict form but objects to Defendants' proposed verdict form as to the following questions. (*See* Dkt. No. 128.)

First, Plaintiff objects to Question Nos. 2-4, which ask if the due process violation was caused by the District Attorney, the Court, or Plaintiff's Public Defenders. (*See* Dkt. No. 111 at 2.) Plaintiff argues that the duties of the Superior Court or the District Attorney are not elements at issue in this case because the Court has bifurcated *Monell* liability. (Dkt. No. 128 at 1.) Whether any due process violation was caused by the Superior Court or the District Attorney are not, however, related to *Monell* liability. Rather, as explained by the California Supreme Court in analyzing the second *Barker* factor, "the permissibility of pretrial delay depends to a great extent on who bears responsibility for it and why." *Camacho*, 15 Cal. 5th at 384; *see also id.* ("In analyzing the second factor, courts examine 'whether the government or the criminal defendant is more to blame for the delay.'"). In other words, *who* caused the delay is, in fact, one of the factors that a jury must consider in determining whether there was a due process violation. Moreover, it is not apparent to the Court that who caused the delay is an affirmative defense; rather, the party asserting the due process violation has the burden of demonstrating a violation under *Barker*. *Id.* at 380. This would include establishing the second *Barker* factor.

Second, Plaintiff objects to Questions 5-12, which separately ask: (a) if a specific public defender violated Plaintiff's due process rights, and (b) when during the public defender's representation of Plaintiff did the due process violation occur. (*See* Dkt. No. 111 at 2-4.)

Plaintiff argues that he should not be required to show that each public defender participated in the constitutional violation, and further suggests that Defendants are actually suggesting that they can simply switch public defenders every two years to avoid liability. (Dkt.

1   No. 128 at 2-3.)  This is not what Questions 5-12 seek to do.  Rather, Questions 5-12 appear to be

2   an acknowledgment that Plaintiff's due process rights could have been violated for a period

3   *shorter* than the entirety of his incarceration, based on the specific actions of each of his public

4   defenders.  For example, if Plaintiff never asked for a trial during Attorney Brown's representation

5   of Plaintiff, this could mean that there was no due process violation during this period of

6   representation.  Thus, the verdict form does not seek to require Plaintiff to demonstrate his due

7   process rights had to be violated by each and every one of his public defenders, but rather seeks to

8   determine when the due process violation occurred.

9          That said, asking eight questions on this issue appears confusing and unnecessarily

10  complicated.  Thus, the parties should meet and confer as to whether there is a way to simplify

11  these questions, such as a single question asking when the due process violation occurred.

### V.    JURY INSTRUCTIONS

13         In addition to the joint instructions proposed by the parties, the Court will also include the

14  following preliminary instructions: 1.3 (Duty of Jury), 1.9 (What is Evidence), 1.10 (What is Not

15  Evidence), 1.11 (Evidence for a Limited Purpose), 1.12 (Direct and Circumstantial Evidence),

16  1.13 (Ruling on Objections), 1.14 (Credibility of Witnesses), 1.15 (Conduct of the Jury), 1.16

17  (Publicity During Trial), 1.17 (No Transcript Available to the Jury), 1.18 (Taking Notes), 1.20

18  (Bench Conferences and Recesses), 2.13 (Expert Opinion), 3.1 (Duty to Deliberate), 3.2

19  (Consideration of Evidence – Conduct of the Jury), 3.3 (Communication with Court), 3.5 (Return

20  of Verdict), and an "Unconscious Bias" instruction.  (*See* Dkt. No. 27 ¶ 6(b).)

21         With respect to the instructions jointly proposed by the parties, the following joint

22  instructions are missing information: 2.3 (Judicial Notice) and 3.6 (Additional Instructions of

23  Law).  It is unclear to the Court what judicially noticeable facts or additional instructions of law

24  the parties request instruction on, and thus how to complete these jury instructions.  The parties

25  are ordered to meet and confer as to these two joint instructions, and to provide complete

26  information.

27         As to the remaining instructions proposed by the parties, the Court will address these in a

28  separate order.

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## VI.     ADMINISTRATIVE MATTERS

The Court intends to impose time limits on each party at trial.  The parties are directed to submit (1) Defendant's projected duration of the direct and cross-examination of each of its witnesses listed in Defendant's witness list, Dkt. No. 106; (2) the total number of hours projected, particularly in light of the Court's tentative rulings. These estimates should be realistic, not padded.  The parties should be prepared to discuss these estimates during the pretrial conference. The Court may shorten the allotted time as it deems appropriate.

The parties should be prepared to discuss options for the public to stream or listen in on the trial, such as by Zoom webinar or other means.  The parties should also be prepared to discuss their technology requirements.  The parties are generally required to provide all necessary courtroom technology, such as cameras, a projector screen, and a projector.  The parties should also be prepared to come to the Court before the trial to test technology.

## VII.     COVID PRECAUTIONS

In light of the ongoing pandemic and respiratory virus season, the undersigned is committed to keeping the parties, counsel, witnesses, and court staff as safe as possible. Currently, masking inside the courthouse is determined by the level of community transmission of COVID-19. When a county where a Northern District of California divisional office is located moves to high community transmission, masking will be required in the courthouse.  Thus, the Court may impose a mask mandate if the number of community cases rise, or if there is a change in guidance from local public health agencies.

Anyone experiencing any symptoms of COVID-19 or other respiratory viruses, including fever or cold-like symptoms, is not permitted to enter the courthouse.  If this happens, the parties are directed to notify the courtroom deputy at kawcrd@cand.uscourts.gov.

IT IS SO ORDERED.

Dated: November 21, 2023

KANDIS A. WESTMORE
United States Magistrate Judge